FILED
FEB 2 1 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VIVIK SHAH,

    Plaintiff,

v.

ERIC H. HOLDER, JR.,

    Defendant.

Civil Action No. 14-283

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Generally, the plaintiff challenges the constitutionality of 18 U.S.C. §§ 875 and 876, *see* Compl. ¶¶ 8-15, alleging that these provisions violate rights protected under the First and Tenth Amendments to the United States Constitution, *see id.* ¶ 17. Because the defendant is obligated to enforce these laws, *see id.* ¶¶ 21-22, the plaintiff contends that he faces an imminent threat of prosecution "if and when [he] exercises his rights," *id.* ¶ 23.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009). A party has standing for purposes of Article III if his claims "spring from an 'injury in fact' -- an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the challenged act of the defendant, and likely to be redressed by a favorable decision in the federal

court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Here, the plaintiff does not show that he has suffered any injury or that the defendant has taken any action to enforce the challenged statutes. Because the plaintiff alleges only a hypothetical or conjectural injury, *see Lujan*, 504 U.S. at 560, he does not satisfy the "injury-in-fact" requirement of standing, and the complaint therefore must be dismissed for lack of subject matter jurisdiction.

An Order consistent with this Memorandum Opinion is issued separately.

DATE: January 31, 2014

United States District Judge